# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION CIVIL NO. 3:07CV46-R [3:01CR210]

| | | |
|---|---|---|
| **BOBBY LEON JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1], filed January 29, 2007; Respondent's Motion for Summary Judgment [Doc. 5], filed July 10, 2007; and Petitioner's Motion for an Evidentiary Hearing [Doc. 12] and Motion for Appointment of Counsel [Doc. 11], both filed September 10, 2007.

## PROCEDURAL HISTORY

On November 8, 2001, Petitioner was charged in a seven-count Bill of Indictment with one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and six counts of gun-related charges in

violation of 18 U.S.C. § 922(g). [Crim. Case No. 3:01cr210: Doc. 6]. On January 9, 2002, a superceding indictment was filed adding three co-defendants as well as additional violations of 18 U.S.C. §§ 924(c), 1951 and 18 U.S.C. § 2. [Crim. Case No. 3:01cr210: Doc. 10]. On October 8, 2002, Petitioner, Silas Thomas King, and Letecia Meeks King were charged in a second superceding indictment with violating 18 U.S.C. §§ 371, 2113, 1951, 1956(a)(1)(A)(I), 924(c), 922(g) and 18 U.S.C. § 2. [Crim. Case No. 3:01cr210: Doc. 97].

Petitioner's and his co-defendants' cases were severed for trial and Petitioner proceeded to trial first on November 7, 2002. The following day, Petitioner pled guilty to Counts One through Nine of the Second Superceding Bill of Indictment. [Crim. Case No. 3:01cr210: Doc. 116]. At that time, the trial judge conducted his plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure. During the hearing, the parties set forth that they did not have a written plea agreement but they orally stipulated on the record that Petitioner agreed to waive his right to appeal or file a post-conviction proceeding except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Crim. Case No. 3:01cr210: Plea Hearing Tr. at 21-23]. The parties also orally stipulated on the record that, in exchange for Petitioner's guilty plea, the

Government agreed to dismiss Counts Ten and Eleven.  [Crim. Case No. 3:01cr210: Plea Hearing Tr. at 22].

On October 16, 2003, at Petitioner's sentencing hearing, the Government moved for a downward departure pursuant to §5K1.1 of the Sentencing Guidelines for Petitioner's substantial assistance.  Petitioner was facing a guideline range of 682 to 747 months, based on a range of 262 to 327 months for the underlying charge plus a mandatory consecutive sentence of 420 months on the §924(c) charges.  The government also moved pursuant to 18 U.S.C. §3553(e) to allow a sentence below the statutory mandatory minimum.  [Crim. Case No. 3:01cr210: Doc. 159]. This Court granted the motion and sentenced Petitioner to 300 months imprisonment.  Judgment was filed on November 3, 2003.  [Crim. Case No. 3:01cr210: Doc. 160].

Petitioner gave an oral notice of appeal at the time of sentencing but because his attorney failed to file a written notice of appeal, Petitioner was allowed to file a delayed written notice of appeal.  [Crim. Case No. 3:01cr210: Doc. 169].  On appeal, Petitioner's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967), asserting that there were no meritorious issues for appeal but challenging the voluntariness of Petitioner's guilty plea.  Although given an

opportunity to do so, Petitioner did not file a pro se supplemental brief.  In an unpublished per curiam decision dated September 29, 2005, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and sentence.  The Fourth Circuit specifically found that Petitioner had made a knowing and voluntary plea of guilty and that his appellate waiver foreclosed "any argument that his sentence, issued under the mandatory guidelines system, was unconstitutional."  United States v. Johnson, 149 F. App'x 224, 225 (4th Cir. Sep. 29, 2005).  Petitioner's Petition for a Rehearing En Banc was denied on January 31, 2006.  [Crim. Case No. 3:01cr210: Doc. 189].  Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On January 29, 2007, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence.  [Doc. 1].  In his Motion to Vacate, Petitioner alleges that he received ineffective assistance of trial and appellate counsel and raises claims of prosecutorial and judicial misconduct.

## ANALYSIS

## I.     JUDICIAL AND PROSECUTORIAL MISCONDUCT CLAIMS

In his Reply to the Government's Response, Petitioner has withdrawn his claims of judicial and prosecutorial misconduct.  As such, these claims

4

are dismissed.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

### A.  Standard of Review

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different.  Id. at 687-91, 104 S.Ct. 2052.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689, 104 S.Ct. 2052; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).  A petitioner bears the burden of proving Strickland prejudice.  Fields, 956 F.2d at 1297.  If a petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Id.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet.  See

Case 3:01-cr-00210-MR   Document 215   Filed 03/23/10   Page 5 of 25

<u>Hill v. Lockhart</u>, 474 U.S. 52, 53-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir. 1988) (quoting <u>Hill</u>, 474 U.S. at 59, 106 S.Ct. 366).  Claims of ineffective assistance of counsel at sentencing after a guilty plea require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different.  <u>United States v. Mayfield</u>, 320 F. App'x 190, 191 (4th Cir. Apr. 8, 2009).

## B.    Appellate Counsel

### 1.    Failure to Obtain Trial Transcripts

Petitioner alleges that his appellate counsel was ineffective because he failed to obtain a complete trial transcript which would have established that a witness perjured himself.  More specifically, Petitioner asserts that the transcript would have shown that a witness could not identify him but after a court recess the witness was allowed to identify him.  In addition, the witness testified that the Government had shown the witness Petitioner's picture prior to trial.

6

A defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Consequently, because of his knowing and voluntary guilty plea, Petitioner could not attack the events of his aborted trial on direct appeal. As such, a copy of Petitioner's trial transcript was not necessary for appeal and his appellate counsel was not ineffective for failing to obtain a copy of the trial transcript.[1]

In addition, the Court notes that it has reviewed the entire trial transcript, and in particular the testimony of Joe Ippilito who identified Petitioner at trial, and the record does not support Petitioner's claim. [Crim Case No. 3:02cr210: Trial Tr. at 71-79, 92-105]. First, Petitioner's characterization of the testimony is inaccurate. That is, notwithstanding Petitioner's assertion to the contrary, Mr. Ippilito was not unable to identify Petitioner the first time he was on the witness stand. [Crim Case No. 3:02cr210: Trial Tr. at 71-79]. Mr. Ippilito was not asked to identify Petitioner. [Crim Case No. 3:02cr210: Trial Tr. at 71-79]. Nor does the testimony support Petitioner's assertion that prior to trial Mr. Ippilito was

---

[1] In a June 28, 2004, letter to Petitioner, his appellate counsel informed Petitioner he did not order his trial transcripts because a guilty plea waives all antecedent errors. [Doc. No. 13-3, Ex. B.]

7

shown a photograph of Petitioner but was unable to identify him.  In fact, Mr. Ippilito testified that he had never been shown photographs or anything else in an effort to identify the robbers.   [Crim Case No. 3:02cr210: Trial Tr. at 80-81].   Second, the testimony does not support a conclusion that Mr. Ippilito was coerced after he testified to return to the stand and identify Petitioner.  When asking to recall Mr. Ippilito, the prosecutor stated on the record that as Mr. Ippilito was leaving the courtroom he approached the agent and informed him that he was able to identify the defendant as one of the bank robbers.  [Crim Case No. 3:02cr210: Trial Tr. at 89-90].   The prosecutor specifically stated that she did not ask him to make an identification.  [Crim Case No. 3:02cr210: Trial Tr. at 90].   On the stand, Mr. Ippilito testified that he did not identify Petitioner as one of the robbers when he was previously on the stand because he was not asked to do so. [Crim Case No. 3:02cr210: Trial Tr. at 92].

### 2.    Failure to Raise Blakely/Booker Claims

In his Reply to the Government's Response, Petitioner has withdrawn his ineffective assistance of counsel claims based upon the Blakely and Booker decisions.  As such, these claims are dismissed.

## C.    Trial Counsel

Petitioner also alleges numerous instances of ineffective assistance of counsel by his trial counsel.  More specifically, Petitioner's claims that his trial counsel rendered ineffective assistance of counsel because he failed to hire an investigator; failed to challenge a juror; failed to use exculpatory evidence; and failed to request a mistrial.  As detailed below, these claims are dismissed as unsubstantiated and overly broad.[2]

### 1.    Alibi Witness

Petitioner alleges that his trial counsel was ineffective because, although he obtained statements from witnesses that could have exonerated Petitioner, his counsel did not introduce them at trial.  In his Motion to Vacate, Petitioner does not even identify any of the alleged alibi witnesses or the content of the alleged witnesses' statements.  In his Response to the Government's Motion for Summary Judgment, Petitioner again generally alleges the existence of many alibi witnesses but identifies only Mrs. King, the mother of a co-defendant.  Although he alleges the

_____

[2] Citing Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973),the Government argues that Petitioner is precluded from raising claims of ineffective assistance of counsel based upon matters which predate his guilty plea. Tollett, however, does not preclude antecedent claims of ineffective assistance of counsel which a petitioner contends render his guilty plea involuntary.  See id. at 267; Fields, 956 F.2d at 1296.  As Petitioner makes such an assertion, his claims are not precluded on that basis set forth in Tollett.

9

existence of an exculpatory statement by Mrs. King, he provides no evidence beyond his bald assertion that one existed. Nor does Petitioner state exactly what information Mrs. King possessed that would exonerate him. Petitioner has failed to carry his burden of proof, and therefore, this claim is dismissed. <u>See</u> <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992) ("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

### 2.    Exculpatory Evidence

Petitioner also alleges that his trial counsel was ineffective because his counsel received a statement from the main Government witness stating that he had been beaten and forced to lie and implicate Petitioner. Again, in his Motion to Vacate, Petitioner provides no details with regard to this claim. In his Response to the Government's Motion for Summary Judgment, Petitioner alleges that government witness Hasaad Rashaad stated in writing that he was forced to lie about Petitioner's involvement in the robberies. Again, Petitioner presents no evidence to support his bald

Case 3:01-cr-00210-MR   Document 215   Filed 03/23/10   Page 10 of 25

accusation, and thus his claim is dismissed.[3]  See <u>Nickerson</u>, 971 F.2d at 1136.

### 3.    Government Informant

_____    Petitioner also alleges that his trial counsel was ineffective because he failed to interview and cross-examine jail informants who claimed Petitioner committed the crimes.  Again, Petitioner provides no specifics in his Motion to Vacate.  In his response to the Government's Motion for Summary Judgment, Petitioner provides the names of the four jail informants he alleges his counsel failed to interview.   Petitioner asserts that these individuals were lifelong criminals who were only interested in getting time off their sentence.  The Court notes it is not unusual for government witnesses to cooperate in hopes of receiving a more lenient sentence.  This fact, in and of itself, does not provide a persuasive basis for concluding that Petitioner was prejudiced by his counsel's alleged failure to take this action.  Moreover, once again, Petitioner provides no evidence or even specifics to support his claim.  Rather, Petitioner bases his claim entirely on his own conclusory allegations which are insufficient, and therefore this claim is dismissed.  <u>See</u> <u>id.</u>

---

[3] At the trial for Silas King, Petitioner testified that Hasaan Rashaad was a boyhood friend of his with whom he had committed many crimes.  [Crim. Case No. 3:01cr221:  Silas King Sent. Hearing Tr. at 638-40.]

### 4. Failure to Investigate Tape Evidence

Petitioner also alleges that his trial counsel was ineffective because he failed to send duct tape which allegedly had Petitioner's fingerprints on it to an independent laboratory for analysis. Petitioner asserts that he never touched the tape in question and that the Government must have placed his fingerprints on the duct tape. Again, Petitioner does not provide any evidence whatsoever to support his blanket assertion. In fact, a review of Petitioner's testimony at Silas King's trial reveals that Petitioner testified under oath that he had placed the gray tape on the back of the tag and that he had placed the tag back on the car. [Crim. Case No. 3:01cr221: Silas King Sent. Hearing Tr. at 534-35]. Consequently, Petitioner has again failed to carry his burden of proof, and thus this claim is also dismissed.

### 5. Failure to File Motion to Suppress

Petitioner also alleges that his trial counsel was ineffective because he "neglected to file motion to suppress evidence the government could never have used and later did charge [him] with for a crime. No gun was ever found and confiscated. No one at the banks I.D. me . . . ." Petitioner fails to articulate what evidence he contends should have been suppressed. Nor does Petitioner specify on what basis the unidentified

12

evidence should have been suppressed.  As such, his claim of ineffective assistance of counsel on this basis fails.

### 6.    Jury Selection

Petitioner alleges that his trial counsel was ineffective for failing to challenge the selection of a juror who allegedly asked Petitioner's counsel before trial started "you think your client is not guilty of these crimes."

Petitioner's claim fails because he provides no evidence to support a conclusion that such a statement was made.  Petitioner's bald assertion that such a statement was made is insufficient to support his current ineffective assistance of counsel claim, and it is therefore dismissed.

### 7.    Failure to Request Mistrial

Petitioner also alleges that his trial counsel was ineffective because he failed to move for a mistrial after twenty witnesses failed to identify Petitioner as the bank robber.  Petitioner also, again, raises the allegation that the government coerced a witness into identifying him.

Petitioner misrepresents the testimony of these witnesses.  It is true that the witnesses who were in the banks that were robbed did not identify Petitioner as the robber.  Each of these witnesses stated, however, that they could not identify the robbers because of the attire they wore.

Significantly, the witnesses did not state that Petitioner was not the robber. Indeed, the Government never even asked the question.

In addition, Petitioner fails to take into account the evidence the Government did not put on as a result of his decision to plead guilty. The prosecutor stated at the end of the first day that she anticipated that she would need two more days to put on evidence. More specifically she stated:

> I will now be going into, you know, a segment of law enforcement who will be discussing the GPS, the global positioning system evidence, the wiretap surveillances, searches. . . . And I will have lab analysis of the ammunition and the fingerprint analysis. And there will be some testimony from – financial testimony from individuals who these folks paid rent to, bought cars from . . . .

[Crim Case No. 3:02cr210: Trial Tr. at 262].

As for the allegations concerning a coerced witness, the trial transcript does not bear out Petitioner's assertion. As stated above, Mr. Ippilito, the individual who identified Petitioner as a bank robber, was not coerced into making this identification on the witness stand. See supra at 7-8.

Based upon the above, and upon a review of the trial transcript, the Court concludes that Petitioner's counsel's performance was not deficient for failing to move for a mistrial. Nor was Petitioner prejudiced, as this

14

Court would not have granted a motion for a mistrial if such a motion had been made. Consequently, Petitioner's ineffective assistance of counsel claim on this basis is dismissed.

### 8. Failure to Turn over Case Files

Petitioner also alleges that his trial counsel was ineffective because even after Petitioner allegedly sent him a certified letter instructing him to release his files, he failed to do so. Petitioner further contends that trial counsel failed to send Petitioner's files to Petitioner's appellate counsel.

It is significant that Petitioner does not even allege that he was prejudiced as a result of trial counsel having failed to release the case file to appellate counsel, and thus he fails to establish ineffective assistance. Indeed, as previously stated herein, appellate claims are limited to claims based upon the record and court records are available to appellate counsel from the Court itself. Moreover, there is no indication that Petitioner's appellate counsel sought to procure any records from trial counsel or that trial counsel refused to send them.

Petitioner's claim that his trial counsel was ineffective for failing to turn over Petitioner's case file to Petitioner for habeas purposes also fails. First, the Court notes that no right to counsel exists in post-conviction proceedings and therefore failure to produce files for that purpose cannot

15

support a claim of ineffective assistance of counsel.[4]  Petitioner has not

established any prejudice resulting from his alleged inability to obtain his

records from his trial counsel for § 2255 purposes.  Moreover, mere

speculation that an unidentified document might exist that might support a

§ 2255 claim is insufficient to state a claim.  As such, Petitioner's

ineffective assistance of counsel claim on this basis is dismissed.

### 9.    Failure to File Notice of Appeal

In his Reply to the Government's Motion for Summary Judgment,

Petitioner withdraws this claim.  [Doc. 13 at 8].

### 10.    Failure to Retain Private Investigator

Petitioner also alleges that his trial counsel was ineffective because

he failed to hire a private investigator to assist in the case.  Petitioner

asserts that he tried to hire a private investigator on his own, but when the

investigator spoke to his counsel he was told his services were not

needed.

Petitioner's ineffective assistance of counsel claim on this basis fails

because, at a minimum, he has failed to articulate precisely how he was

prejudiced.  That is, Petitioner does not even state what an investigator

---

[4]Petitioner's grievance concerning copies of his case file would appear to be better redressed in another forum such as through the State Bar, if there is any merit to these allegations.

would have discovered that would have impacted his criminal case.  See Nickerson, 971 F.2d at 1136.

### 11.    Failure to Consult About the Presentence Report

Petitioner also alleges that his trial counsel was ineffective because he failed to review the presentence report with Petitioner.  This claim also fails because, at a minimum, Petitioner cannot establish that he was prejudiced.  Indeed, Petitioner fails to state how he was prejudiced in any way.  Moreover, at Petitioner's sentencing hearing, the Court provided Petitioner and his counsel a half-hour in which to review the presentence report.  [Crim Case No. 3:02cr210: Sent. Hearing Tr. at 3-4].  Upon returning from the recess Petitioner stated under oath that he had discussed the presentence report with his attorney, that he was ready to proceed, and that he understood the contents of the report.  [Crim Case No. 3:02cr210: Sent. Hearing Tr. at 4].   Petitioner's ineffective assistance of counsel claim on this basis is dismissed.

### 12.    Lack of Preparation Regarding Third Bank Robbery

Petitioner also alleges that he received ineffective assistance of counsel because his trial counsel informed the Court two-and-a-half weeks before trial that he was not prepared to defend the third bank robbery charge.  Petitioner asserts that the Court denied his counsel's request and

17

that thereafter Petitioner was found guilty because of an ineffective defense.

This issue is without merit. Petitioner was not found guilty – he pled guilty. Moreover, the mere fact that trial counsel requested a continuance two-and-a-half weeks prior to trial and it was not granted does not by itself sufficiently support the assertion that counsel was ineffective. Petitioner's claim on this basis is dismissed.

### 13. Erroneous Advice to Accept Guilty Plea

Petitioner also alleges that his trial counsel was ineffective because he promised Petitioner that if he pled guilty he would be sentenced to ten years in prison but he was ultimately sentenced to 300 months imprisonment.

In evaluating this claim, the Court, in accordance with the law, has placed great weight on the Petitioner's representations to the Court at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, "constitute a formidable barrier in any subsequent collateral proceeding"); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991) (statements

18

made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

At his Rule 11 hearing, Petitioner swore under oath that he understood that the maximum penalty for the crimes to which he was pleading guilty was five years of imprisonment for the conspiracy charge; twenty years for the aiding and abetting bank robbery charge; twenty-five years for the armed bank robbery charge; five and seven years consecutively on the gun charges; twenty years of imprisonment for the money laundering charge; ten years of imprisonment on the felony possession charges; and twenty years of imprisonment on the obstructing commerce by robbery charge. [Crim Case No. 3:02cr210: Plea Hearing Tr. at 5-16]. Indeed, the Court took a recess during the plea proceedings to allow Petitioner to review the counts, the essential elements, and the minimum and maximum penalties associated with each count. [Crim Case No. 3:02cr210: Plea Tr. at 16-17]. Petitioner also swore under oath that he was not pleading guilty based upon a promise other than the ones contained in the oral plea agreement. [Crim Case No. 3:02cr210: Plea Hearing Tr. at 19-20]. Significantly, Petitioner also swore that he understood that if he received a sentence that was harsher than he expected he would still be bound by his guilty plea. [Crim Case No.

3:02cr210: Plea Hearing Tr. at 21].   At the plea hearing, Petitioner
acknowledged the existence of an oral agreement.  [Crim Case No.
3:02cr210: Plea Hearing Tr. at 21].   The Court then stated that the parties
would go over the essential terms of the oral agreement so there would be
no disagreement.  [Crim Case No. 3:02cr210: Plea Hearing Tr. at 21].
The parties then set forth the terms of the agreement – none of which was
a promise by the Government of a specific term of imprisonment.  [Crim
Case No. 3:02cr210: Plea Hearing Tr. at 21-22].  At the conclusion of the
presentation of the essential terms, the Court asked Petitioner if they
accorded with his understanding of the terms of the oral plea and Petitioner
responded in the affirmative.  [Crim Case No. 3:02cr210: Plea Hearing Tr.
at 22].   At the conclusion of his plea hearing, despite being familiar with
the criminal process, and despite being given another opportunity to speak,
Petitioner again did not raise the absence of any mention of this alleged
term at his plea hearing.  [Crim Case No. 3:01cr201: Plea Hearing Tr. at
24].  At the end of the plea hearing, as is customary in this Court,
Petitioner and his counsel signed a Rule 11 inquiry which memorialized his
oral responses to the Court's inquiries.  [Crim. Case No. 3:01cr210: Doc.
No. 116].

Petitioner's testimony at his co-defendant's trial further supports the conclusion that the Government did not promise Petitioner a ten-year sentence in exchange for pleading guilty. After Petitioner's guilty plea and before he was sentenced, Petitioner testified at length at the trial of his co-defendant Silas King. During his testimony, in which he detailed the numerous armed bank robberies he and Mr. King had committed, Petitioner specifically testified that as a result of his guilty plea he was facing up to fifty-two years of imprisonment. [Crim. Case No. 3:01cr210: King Sent. Tr. at 631]. Petitioner also swore under oath that no promises had been made to him by the Government. [Crim. Case No. 3:01cr210: King Sent. Tr. at 630-31]. When asked why he had pled guilty, Petitioner responded: "Because I was guilty." [Crim. Case No. 3:01cr210: King Sent. Tr. at 514]. Tellingly, Petitioner did not testify that he pled guilty because he was promised a specific sentence.

In his response to the Motion for Summary Judgment, Petitioner asserts that an understanding existed between the parties for a ten year sentence, but neither his attorney nor the prosecutor relayed this important term to the Court at Petitioner's plea hearing. Petitioner claims that his counsel was ineffective for having counseled him to accept the plea despite the fact that the understanding regarding the sentence was not

Case 3:01-cr-00210-MR   Document 215   Filed 03/23/10   Page 21 of 25

disclosed to the Court or made binding. In support of his claim, Petitioner points to the displeasure he voiced at sentencing over the length of the sentence he received. Although Petitioner expressed displeasure at the extent of the downward departure sought by the Government and stated he thought he would receive a lower sentence, he did not specifically assert that he had been promised a ten-year sentence by the Government. [Crim Case No. 3:01cr201: Sent. Hearing Tr. at 16]. Moreover, even though the Petitioner stated at the sentencing hearing that had he known he would receive such a long sentence he would have gone to trial, he did not state that he wished to withdraw his guilty plea.[5] In light of Petitioner's contemporaneous assertions under oath at his plea hearing and his co-defendant's trial, this Court does not find Petitioner's comments at sentencing to be persuasive evidence that the Government had orally promised Petitioner a ten-year sentence. Hence, Petitioner has presented no evidence to this Court that his attorney provided ineffective assistance in counseling that he plead guilty. Petitioner's claim on this basis is dismissed.

---

[5]The Court notes that had Petitioner moved to have his guilty plea withdrawn and had the Court granted such a motion, the Government typically would have been able to introduce at Petitioner's trial Petitioner's extensive and detailed testimony from his co-defendant's trial.

## III.   MOTION FOR EVIDENTIARY HEARING

Petitioner has also filed a Motion for an Evidentiary Hearing.  [Doc. 12].  In this motion, Petitioner requests that this Court hold a hearing to allow him to testify under oath to ratify the declarations set forth in his affidavit.  In addition, Petitioner states that a hearing "is necessary to investigate, develope, [sic] and further support whether a factual and legal basis exist" to find his counsel was ineffective.  [Doc. 12 at 2].  As this Court has already stated repeatedly in this Order, broad, conclusory statements do not warrant an evidentiary hearing.  An evidentiary hearing in this case is therefore unnecessary.  Consequently, Petitioner's Motion for an Evidentiary Hearing is denied.

## IV.   MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has also filed a Motion for Appointment of Counsel.  There is no constitutional right to counsel in proceedings under 28 U.S.C. § 2255.  Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950).  Petitioner has not presented a persuasive reason to appoint counsel in this matter.  Accordingly, Petitioner's Motion for Appointment of Counsel is denied.

23

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that:

1.     Respondent's Motion for Summary Judgment [Doc. 5] is

**GRANTED**;

2.     Petitioner's Motion for an Evidentiary Hearing [Doc. 12] is

**DENIED**;

3.     Petitioner's Motion for Appointment of Counsel [Doc. 11] is

**DENIED**; and

4.     Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

[Doc. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to

issue a certificate of appealability as Petitioner has not made a substantial

showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931

(2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529

U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED.**

Signed: March 23, 2010

Martin Reidinger
United States District Judge