# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00275-MR
# (CRIMINAL CASE NO. 3:01-cr-00210-MR-1)

| | |
|---|---|
| **BOBBY LEON JOHNSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1],[1] the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 7], the Government's Motion for Leave to File a Corrected Motion to Dismiss [CV Doc. 8], and the Government's Corrected Motion to Dismiss [CV Doc. 9]. The Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00275-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:01-cr-00210-MR-1.

## I. BACKGROUND

On November 8, 2001, Petitioner Bobby Leon Johnson ("Petitioner") was charged in a seven-count Bill of Indictment for violations of 18 U.S.C. §§ 371 and 922(g). [CR Doc. 6]. On January 10, 2002, Petitioner was charged, along with three co-defendants, in a Superseding Indictment for violations of 18 U.S.C. §§ 371, 1951, 924(c), 922(g) and 2. [CR Doc. 10]. Then, on October 8, 2002, Petitioner was charged, along with two of the three co-defendants in the Superseding Indictment, in a Second Superseding Indictment. [CR Doc. 97]. At this time, Petitioner was charged with one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One); one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2 (Count Two); one count of armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d), 2 (Count Three); three counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c), 2 (Counts Four, Nine, Eleven); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Five); two counts of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Six and Seven); and two counts of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951, 2 (Counts Eight

2

and Ten). [CR Doc. 97: Second Superseding Indictment]. The Second Superseding Indictment lists Petitioner's charge under § 924(c) on Count Nine as related "to a crime of violence, that is, the violation of Title 18, United States Code, Section 1951 set forth in Count Eight." [Id. at 10]. There is no reference to 18 U.S.C. § 2 in Count Nine as a possible predicate offense. Petitioner's § 924(c) charge in Count Nine is, therefore, specifically limited to the charge in Count Eight for Hobbs Act robbery, not for aiding and abetting Hobbs Act robbery.

A day after Petitioner's trial began and without a written plea agreement, Petitioner pled guilty to Counts One through Nine of the Second Superseding Indictment. [CR Doc. 116: Entry and Acceptance of Guilty Plea]. In exchange for Petitioner's guilty plea on these charges, the Government agreed to dismiss Counts Ten and Eleven. [CR Doc. 237: Plea Hearing Tr. at 22]. On October 16, 2003, the Honorable Lacy H. Thornburg, United States District Judge,[2] presided over Petitioner's sentencing hearing The Court sentenced Petitioner to a term of 60 months' imprisonment on Count One; terms of imprisonment of 120 months on each of Counts Two, Three, Five, Six, Seven, and Eight, all to run concurrently with each other and with the sentence imposed on Count One; a term of 60 months'

---

[2] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

imprisonment on Count Four, to run consecutively to the previously named sentences; and a term of 120 months' imprisonment on Count Nine, to run consecutively to all previously named sentences, for a total term of 300 months' imprisonment. [CR Doc. 160 at 2: Judgment]. Judgment on this conviction was entered on November 3, 2003. [Id.]. Petitioner appealed to the Fourth Circuit Court of Appeals and the Fourth Circuit affirmed this Court's judgment. [CR Docs. 170, 186].

On May 31, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) on Count Nine is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. [CV Doc. 4]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. [CV Doc. 6]. The Supreme Court decided Davis on June 24, 2019. The next day this Court lifted the stay and ordered the Government to respond to the Petitioner's motion by August 23, 2019. The

Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Docs. 7, 9]. The Petitioner responded to the Government's motion. [CV Doc. 12].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims argues he is entitled to relief on these grounds because, under <u>Johnson</u>, his conviction on Count Nine was imposed in violation of the Constitution and laws of the United

States. [CV Doc. 1 at 1-2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

The Petitioner argues his § 924(c) conviction on Count Nine is invalid under Johnson. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another,"

(the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 4-5]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Nine is valid only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. Recently, the Fourth Circuit squarely concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). As such, the Petitioner's § 924(c) convicted predicated on Hobbs Act robbery is valid.

In response to the Government's motion to dismiss, Petitioner argues for the first time that Petitioner's § 924(c) conviction was predicated on both Hobbs Act robbery and aiding and abetting Hobbs Act robbery. [See Doc.

12 at 1, 3-8].³ Further, Petitioner argues that, under the circumstances here, the Court must assume Petitioner's conviction was predicated on the "least serious" charge of aiding and abetting Hobbs Act robbery. [Id. at 5-8]. Petitioner argues that aiding and abetting Hobbs Act robbery is not a "crime of violence" "because, like conspiracy to commit Hobbs Act robbery, it does not 'invariably require the actual, attempted, or threatened use of force.'" [Doc. 8 at 3-4 (quoting United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019)]. This argument, however, is factually and legally unsupported.

First, as noted supra, the Second Superseding Indictment specifically limits Petitioner's § 924(c) predicate to Hobbs Act robbery, not for aiding and abetting Hobbs Act robbery. [CR Doc. 97 at 10]. As such, Petitioner pleaded guilty to and Petitioner was convicted of a violation of § 924(c) predicated on Hobbs Act robbery.

Second, even if Petitioner's § 924(c) conviction were predicated on aiding and abetting Hobbs Act robbery, this conviction is still valid. Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. §

---

³ This claim is not even mentioned in the Petition, [CV Doc. 1], and no motion to amend the claim has been filed.

2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). Id.; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same).

As such, Petitioner's conviction under 18 U.S.C. § 924(c) on Count Nine is valid because Hobbs Act is a "crime of violence" under § 924(c)'s force clause. Further, even if Petitioner's § 924(c) conviction were predicated

on aiding and abetting Hobbs Act robbery, it would still be valid. The Court will, therefore, grant the Government's motion to dismiss Petitioner's § 2255 motion to vacate.

**IV.    CONCLUSION**

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**, the Government's Motion for Leave to File a Corrected Motion to Dismiss [Doc. 8] is **GRANTED**, and the Government's Motion to Dismiss Petitioner's Motion to Vacate and Corrected Motion to Dismiss Petitioner's Motion to Vacate [Docs. 7, 9] are **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 27, 2019

Martin Reidinger
United States District Judge